**FILED**



**1:35 pm, 3/11/25**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

Civil Action No.

**Margaret Botkins**
**Clerk of Court**

**CHARLES ALFRED ARMAJO JR**;
On behalf of other Native American Adherents' similarly situated in WDOC's custody;

Plaintiffs,

v.

**WYOMING DEPARTMENT OF CORRECTIONS**;          25-cv-00072
**WYOMING MEDIUM CORRECTIONAL INSTITUTION**;
**DIRECTOR DANIEL SHANNON**, in his official capacity;

Defendants.

### COMPLAINT FOR VIOLATION OF RELIGIOUS LAND USE AND
### INSTITUTIONALIZED PERSONS ACT OF 2000 1

Plaintiffs, by and through *pro se* files his **COMPLAINT** in **THE UNITED STATES DISTRICT COURT FOR THE (DISTRICT OF WYOMING)** and alleges as follows:

#### Religious Dietary Requirements Outside the Routine Menu

**1.** Within the inherent limitations of resources and the need for facility security, safety, health and order, it is the policy of the Wyoming Department of Corrections (WDOC) to afford inmates a reasonable and equitable opportunity to observe the religious dietary requirements that are in accordance with an inmate's sincerely held religious belief (e.g., Judaism, Wicca, Rastafarian, Sikh, et.al.) in WDOC correctional facilities in accordance with the procedures outlined in this policy when the regular menu offerings and self-selection from the main food service line, including the no-flesh option and heart healthy alternatives, do not otherwise routinely do so. **(1)** Special diets for inmates whose religious beliefs require adherence to religious dietary laws shall be provided in accordance with this policy. (ACA 5- ACI-5C07) **(2)** Inmates shall have the opportunity to participate in practices of their religious faith, including adherence to dietary requirements, which are deemed essential by the faith's judicatory, limited only by documentation showing threat to the safety of persons involved in such activity or that the activity itself disrupts order in the institution. (ACA 5-ACI-7F-05).

**2.** It is a shame to say that WDOC falls woefully short of their guarantees for the Native American Adherents'. Wyoming Medium Correctional Institution (WMCI) holds themselves accountable to Judaism, Wicca, Rastafarian, Sikh, making sure that they get their religious meals of roast beef, roasted lamb chops, etc. WDOC completely ignores the Native American sect because, as a group, Indians remain the most impoverished and disadvantaged in our society. They are the poorest amongst all of the other sects and will be ignored due to their inability of having representation in Court to challenge these issues.

**3.** We the Native American people have all been discriminated against by not receiving any special meals that are completely ours that would meet the requirements set out for the Native American spiritual diet. As in our culture we never ate processed foods, preservatives, starches, hormones, pesticides, or GMO's. Our diets consisted of organic and all natural foods consistent with the Jewish people who require that they eat kosher foods. The modern way of society in adding all these impurities to our food caused our people to be plagued with all sort of diseases such as diabetes and high cholesterol. They are the main killers of Native Americans today. Chemicals such as "red dye color" in our food cause cancer and all kinds of illnesses as well as allergies.

**4.** Bison, deer, moose, and elk have been the main source of meat. Berries, fruits in season, and vegetables of all kinds were in the plains Indians' diet. The Costal Indians' diet included salmon, crabs, lobsters, etc. All of these things have been withheld. The special meal that the Native American group gets is bologna that is iridescent, that looks to be distorted, and potentially poisoning us. It gives us upset stomachs causing us to throw up and have diarrhea. Even the dogs here at WMCI don't get the kind of treatment that the Plaintiffs' group is receiving.

**5.** The Defendants will say that they give the Native American group "Navajo Taco's", but when they do, they make it for the entire population once a year, and not individually for spiritual purposes after each sweat. This is supposed to be done every time we worship, like how other sects are afforded their continuous religious diet throughout the year, never ceasing to guarantee that they are receiving their special meals at breakfast, lunch, and dinner time.

**6.** WMCI makes sure that all of the Jewish and Muslim people get their food separate from what the general public is served.

## INTRODUCTION

**1)** The refusal by the defendant WDOC to offer organic religious indigenous meals forces hundreds of prisoners to violate their core religious beliefs on a daily basis, in violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. 2000cc (RLUIPA).[1]

**2)** Keeping organic religious indigenous meals is a central tenet of Nativism and other religious traditions observed by prisoners incarcerated at WDOC facilities.

**3)** WDOC's refusal to provide organic religious indigenous meals to these prisoners substantially burdens their religious exercise.

**4)** The Defendants, WDOC, at WMCI, only offered bologna as the meal for the plaintiffs' after their worship sweats until late [2023-2024]. At this time it was brought to their attention that the sandwiches served to the Plaintiffs made their stomachs ache causing severe cramps, vomiting, and caused diarrhea for a lengthy period of time. The Defendants kept its kosher food program for the other religious sects. WDOC disregarded the need to have organic religious indigenous meal options for the Native Americans but they cater to the kosher food program for the Jewish religion which violates RLUIPA.

**5)** Since [2023-2024] WDOC has not provided organic religious indigenous meals to the Native American Indigenous population through its program at WMCI located in the Eastern portion of the State of Wyoming.

**6)** While the religious program accommodates only a small fraction of Jewish kosher meals for the Jewish prisoners previously enrolled in WDOC's statewide kosher program, it shows that WDOC can provide kosher meals consistent with its compelling interests for other sects except for the Native American sect.

**7)** The Plaintiffs' seeks declaratory and injunctive relief to remedy Defendant's violations of the law and to ensure that WDOC implements sustainable reforms that guarantee the religious freedoms protected by the RLUIPA.

## DEFENDANTS

**8)** Defendant Director Daniel Shannon of WDOC for the State of Wyoming is the ultimate decision maker with authority to approve all WDOC policies, including its dietary policies.

---

[1] *United States v. Commonwealth of Virginia*, (E.D. Va. 1999).

**9)** The Director is sued in [his] official capacity.

**10)** Defendant WDOC for the State of Wyoming incarcerates approximately over [*2250*] prisoners in [5] facilities across the state, including [*3*] prisons and [2] work camps.

**11)** Defendant WDOC has an annual budget of approximately $20 million and employs approximately [*1750*] people.

**12)** WDOC receives Federal funding and is an institution within the meaning of 42 U.S.C. 2000cc-1(a) and 42 U.S.C. 1997.

## JURISDICTION AND VENUE

**13)** This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1345.

**14)** The United States is authorized to initiate this action against Defendants under RLUIPA, 42 U.S.C. 2000cc-2(f).

**15)** The declaratory and injunctive relief sought by the Plaintiffs' is authorized by 42 U.S.C. 2000cc-2(f) and 28 U.S.C. 2201 and 2202.

**16)** Venue is proper in the Federal District Court of Wyoming pursuant to 28 U.S.C. 1391(b).
**a.** Defendants operate approximately [5] facilities within the United States District of Wyoming;
**b.** Defendants incarcerate dozens of Native American prisoners within the United States District of Wyoming who desire to keep organic religious indigenous meals, including [*30*] prisoners not named in this Complaint, but pray that they would be considered a part of it due to not having the funding to pay for the filing fees of the complaint; and
**c.** Virtually all of the events, actions, or omissions giving rise to this claim occurred in the State of Wyoming.

## FACTUAL ALLEGATIONS

**17)** On September 27, 2023, Plaintiff then filed his appeal to the Defendant Director Daniel Shannon, the Prison Operations Administrator, who acknowledged that they were aware that Native Americans during their ceremonies were eating what looked like food poisoned bologna that gave the plaintiff and adherents upset stomachs' after the Plaintiff's religious services "sweats" were done; he neither otherwise commenced an investigation into the report or took remedial action himself, but relied on what his staff here at WMCI told him. (See: **Exhibit 1** Grievance appeal #23-154).

4

**18)** WDOC's refusal to provide organic religious indigenous meals violates the Federal rights of hundreds of prisoners. WDOC's dietary policies force prisoners with a religious basis for consuming organic religious indigenous meals to violate their core religious beliefs on a daily basis.

**19)** The substantial burden that WDOC's dietary policies impose on the Native American State prisoners is not necessary to achieve any compelling State interest. Indeed, the Governmental States Agencies and most State departments of corrections offer kosher meals for the Jewish sect. Still this will not achieve the interests for the Native American sect that are indistinguishable from the Defendant's (WDOC) dietary policies.

**20)** WDOC further demonstrates that it can provide kosher meals consistent with its interests by voluntarily operating a kosher food program in all of their facilities for the Jewish sect. However, for the Native Americans they cannot provide anything which poses an intentional indifference for the organic religious indigenous meals that should be afforded the Native Americans.

**21)** WDOC's dietary program has the capacity to serve WDOC's Native American prisoners who possess a religious basis for keeping organic religious indigenous meals. Moreover, most of WDOC's Native American prisoners are eligible for assignment to the organic religious indigenous meals program.

**22)** WDOC's denial of organic religious indigenous meals substantially burdens the religious exercise of Native American prisoners desiring to keep these meals, as consuming this diet is a fundamental tenet of Native Americans and other religions practiced by WDOC inmates.

**23)** WDOC's dietary policies substantially burden the religious exercise of hundreds of inmates. For example:

**a.** Plaintiff is a 41 year old inmate housed in one of WDOC's institutions [WMCI]. Plaintiff is a sincere adherent of Native American Traditional ways and has requested for a special diet so he can consuming organic religious indigenous meals. To date, WDOC has not granted his request, forcing Plaintiff to violate his religious beliefs by consuming non organic religious indigenous food.

**b.** Plaintiff identifies as a Native American member of the "Northern Arapahoe Tribe, #281-U012755.[2] A "Traditional Medicine Man/Holy Man" and servant of God and

---

[2] Northern Arapahoe Tribal Identification number with the Bureau of Indian Affairs.

maintains his" "sincerely held Native American Traditional way's." For him, this belief system occupies the place that one associates with other religions: it comforts, guides, and provides meaning to [plaintiff] in the way that religions traditionally provide. "Religious Ceremonies played an important part in the life of most Indian tribes. Many of these ceremonies were aimed at assuring a plentiful supply of food, and some lasted several days." "When boys- and, in some tribes*, girls- reached their early teens, they went through an initiation ceremony to help them find a guardian spirit*. Many boys went without food until they saw a vision of their guardian spirit."[3]

   **c.** "**Ceremonies:** The Indians held many kinds of ceremonies to ensure that they had enough food. Hunting tribes preformed ceremonies to keep game plentiful. The Plains Indians, for example, believed that the Buffalo Dance would ensure success in hunting buffalo *(see Buffalo Ceremonials).* The Sun dance ranked as the chief ceremony of the Plains Indians. The dance was performed to gain supernatural power or to fulfill a vow made to a divine spirit in return for special aid. Some men tortured themselves as part of this ceremony. A Sun Dance lasted several days. (See Sun Dance)."[4]



   **d.** "Human beings must always be "clean" whenever they hunt, fish, or gather herbs. This means a clean body, no sex, no alcohol, nor women on their menses. *Reason:*

---

[3] The World Book Encyclopedia I Volume 10 Field Enterprise Educational Corporation 1976 U.S.A. pg.'s 122-123.
[4] The World Book Encyclopedia I Volume 10 Field Enterprise Educational Corporation 1976 U.S.A. pg.'s 122-123.

*Natural food and plants have power.* Human beings should always "pray" to the entity before taking its life and explain why it is being used. Humans must be clean mentally, physically, and spiritually whenever praying and using this power. In this way the spiritual powers of the entity will be transferred to the human along with the physical properties. Nature's powers strengthen our soul and enrich our health. Negative powers contaminate our soul and weaken our health. Abuse of "powers" causes sickness to the violator."[5] See: *Bison was the main source of food for the plaintiffs' people.*



**c.** Plaintiff, who desires to keep organic religious indigenous meal as part of his religious practice, participates in the Native American Indigenous Religion (NAIR) and/or Native American Church (NAC). WDOC has not allowed the plaintiff to participate in eating organic religious indigenous meals, forcing him to consume non organic religious indigenous meals in violation of his sincere religious beliefs.

---

[5] NATIVE HEALER INITIATION INTO AN ANCIENT ART. By, Medicine Grizzlybear Lake pg. 197, 198, 199.





INDIAN, AMERICAN/Religion

**Religious Ceremonies** played an important part in the life of most Indian tribes. Many of these ceremonies were aimed at ensuring a plentiful supply of food, and some lasted several days. The Pine Tree Dance, above, is a harvest celebration of the Southwest Pueblo Indians.

**The Aztec Indians of Middle America** sacrificed prisoners to many gods. Religion controlled every part of Aztec life, and the priests were important members of the community.

**A Prayer Stick** was used as religious ceremonies by the Kickapoo Indians of the Eastern Woodlands. Markings on the stick reminded the Indians of the order of prayers or past events.

122

123

**24)** A WDOC dietary policy similarly burdens the Native American religious exercise of hundreds of other prisoners at other facilities.

**25)** From [*2022*] to [2024], the NAIR or NAC Program was being served bologna sack lunch meals to about [30] Native American prisoners, with an average daily enrollment of [30].

**26)** WDOC is capable of providing organic religious indigenous meals to the Native American inmates consistent with its compelling government interests.

**27)** From [2022] to [2024], WDOC did not provided organic religious indigenous meals to all Native American inmates deemed eligible by a screening process that measures the sincerity of their religious convictions. During this period WDOC kept its kosher food program for the Jewish and Muslim enrolled members that averaged approximately [6] prisoners per day.

**28)** In [2024], the Director of WDOC recommended that WMCI make bag lunches that consisted of Crustables peanut butter and jelly sandwiches, Bugles chips, and cookies or fruit for the Native American meals. This is does not meet the organic religious indigenous meal requirements deemed eligible by the religious sincerity screening. WDOC rejected the advice of

its own Native American Group and did not offer any bison meat source or any other alternative meat e.g. deer, moose, or elk meat for the organic religious indigenous meals.

**29)**  WDOC kept its promises to the Jewish and Muslim kosher food programs which shows that the Native American group is being treated differently than other similarly situated religious sects at WDOC who maintains these programs. WDOC did not consider numerous alternative ways to provide organic religious indigenous meals consistent with its compelling interests.

**30)**  Most States and the Federal government offer kosher diets for the Jewish and Muslim inmates, but, as for the Native Americans they were left in the dark, and WDOC itself operates like how its counter partners with only serving the Jewish and Muslims their kosher food programs at their facilities, especially [WMCI].

**31)**  WDOC's voluntary operation of the Native American program demonstrates that it can provide organic religious indigenous meals like how they provide food for the Jewish and Muslims consistent with its compelling interests.

**32)**  When WDOC initiated the food programs for the Jewish and Muslims they did not consider the Native American Group's need for organic religious indigenous meals in [2022-2024] at [WMCI]. WDOC invested approximately $2,000,000.00 to establish a kosher kitchen at that facility and spends approximately $6.00 per day to provide kosher meals for the Jewish and Muslim inmates in that program.

**33)**  The Native Americans, for months on end, have been putting up with eating sack lunches after worshiping "sweats" and eating regular food at the kitchen. They wish to have organic religious indigenous meals; WDOC can provide these meals for the Native Americans like how they provide for other religious sects.

**34)**  WDOC's decision to voluntarily establish and continue the Jewish and Muslim religious program demonstrates that providing kosher food is consistent with WDOC's compelling interests. And, that they can do this as well for the Native American Group.

**35)**  Nevertheless, WMCI's Jewish and Muslim programs accommodates to most of WDOC Jewish and Muslim inmates who desire to keep kosher. WMCI's program should accommodate the Native American Group as well.

  **a.**  The program started with [30] prisoners in [2022] and its enrollment has dropped to as few as [20] prisoners.

**b.** From [2022]-[2024], the Native American enrollment in WDOC's WMCI Native Dietary Program averaged approximately [30] individuals.

**c.** For the hundreds of Native American inmates unable to participate in the Native dietary program, WDOC's dietary policy unlawfully burdens the Native American religious exercise that RLUIPA protects.

### CLAIM FOR RELIEF:

### DEFENDANTS DENIAL OF ORGANIC RELIGIOUS INDIGENOUS MEALS VIOLATES RLUIPA

**36)** The Plaintiff incorporates by reference the allegations set forth in Paragraphs (1. – 6.) and (1) – (35) as if fully set forth here.

**37)** Defendants do not provide organic religious indigenous meals to the Native American inmates in their custody who request the meals in accordance with their religious beliefs.

**38)** Defendants denial of organic religious indigenous meals constitutes a substantial burden on the religious exercise of the Native American inmates in their custody, and denial of these meals is not the least restrictive means of furthering any compelling government interest.

**39)** Accordingly, WDOC's refusal to provide organic religious indigenous meals violates RLUIPA, 42 U.S.C. 2000cc.

**40)** RLUIPA authorizes the Plaintiff to seek injunctive and declaratory relief for Defendant's failure to provide organic religious indigenous meals to Native American inmates in their custody who desire such a diet to exercise their religious beliefs.

### PRAYER FOR RELIEF

**The Plaintiff prays that the Court:**

**1.** Declare that Defendants have violated RLUIPA by failing to offer organic religious indigenous meals to the Native American prisoners in their custody who desire these meals to exercise their religious beliefs;

**2.** Order Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them to provide inmates in their custody with nutritionally sufficient organic religious indigenous meals; and

**3.** Order such other relief as the interests of justice may require.

**Dated**: February 27, 2025.

Charles Alfred Armajo, Jr. *Charles A. A_____*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he mailed a true and correct copy of the foregoing petition to Office of the Clerk 2120, United States District Court, District Of Wyoming, Capitol Avenue, Room 2131, Cheyenne, WY 82001 on this 27th day of February, 2025, addressed as follows:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**
Office of the Clerk 2120
Capitol Avenue, Room 2131
Cheyenne, WY 82001
307/433-2120
https://ecf.wyd.uscourts.gov
Timothy W. Miller Bar No. 5-2704
Senior Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307)777-5820
(307)777-8920 Facsimile
Tim.miller@wyo.gov

**Wyoming Department Of Corrections**
1934 Wyott Drive, Suite 100
Cheyenne, Wyoming 82002

**Charles Alfred Armajo, Jr.,**
WMCI – #32914
7076 Rd. 55 F.
Torrington, WY 82240
doc-wmci-court@wyo.gov

The undersigned also certifies that all required privacy redactions have been made and, with the exception of any required redactions, this document is an exact copy of the written document filed with the Clerk.

Charles Alfred Armajo, Jr.

Prisoners are reminded that to invoke the prison mailbox rule they must file with each pleading a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit with prison officials and must also state that first-class postage has been paid. See Fed. R. App. P. 4(c) and *United States v. Ceballos-Martinez*, 358 F3.d 732, *revised and superseded*, 371 F.3d 713 (10th Cir.), *reh'g denied en banc*, 387 F.3d 1140 (10th Cir.) cert. denied, 125 S. Ct. 624 (2004). Prisoners should also review carefully Federal Rule of Appellate Procedure 4(c)(1), which was amended December 1, 2021.



| WYOMING DEPARTMENT OF CORRECTIONS | WDOC Form #503 | Page 1 of 3 |
|---|---|---|
| | **Establishing & Amending Faith Group Practices** | Last Revised: 12/23/15 |

EXHIBIT
1

## ESTABLISHING & AMENDING FAITH GROUP PRACTICES

Parts I – III of this form are to be completed by the inmate desiring to establish or amend facility approval for a faith group practice, activity, or article. The form must be filled out completely and legibly. Staff will complete Part IV of this form.

PART I: Amendment
Inmate Name: Charles. A. Armago J.    ID # 32914
    Facility: W.M.C.I    Date: 10-9-2023

**Name of Faith Group?** Please note similar doctrines of one basic faith may be included under one faith group name. NAC / Native American Church

**Is there a recognized governing body for this faith group?** If so, provide the name, address and phone number of this body. If not, provide a source of documentation confirming the faith group's existence. yes, Arapahoe Tribe

## PART II: ESTABLISHING A FAITH GROUP PRACTICE

**What is the religious activity or property requested?** Provide both the title of the activity or property requested and a brief description of it.

I would like to get a rattels added as well a wet drum.

**What is the significance of the activity in the practice of the religion?**

it is a pratice that is like how piano's are used in church to shy and worshyp God or the Creator.

**How often or under what circumstances would the religious activity be held if it were taking place within the community?**

At home, at church, or in a Ceremony.



| WYOMING DEPARTMENT OF CORRECTIONS | WDOC Form #503 | Page 2 of 3 |
|---|---|---|
| | Establishing & Amending Faith Group Practices | Last Revised: 12/23/15 |

**What time and physical requirements exist for this activity?** Include those of any defined segment(s) of the activity.

Any time, I would like to have it on my person so I could pratice my beliefs.

**What materials are required for this activity? What is their purpose? Would the inmate retain any of these items?**

Beads. Raw hide, hadle preferably a stick, or a goard rattel.

**Identify the title (if any), function, and eligibility requirements for participants in the activity.**

Holy Man.

**Is there any other information that would assist in evaluating this request?**

Yes. Balonga is Not A religious Diet Native Americans eat. I would like our religious meal to be changed to Buffalo Burgers with bun or fry Bread.

### PART III: AMENDING A FAITH GROUP PRACTICE

**What faith practice would you like to change or add?**

Holy man or Medicine man.

**Provide a detailed explanation on why this practice needs to be changed or added.**

There is so many parts to our religion and since I have been set apart for God I have been given this right to pratice my Beliefs I carry the pipe.

Offender Signature  Charles A. Ay00    Date 10.9-23





| WYOMING DEPARTMENT OF CORRECTIONS | WDOC Form #503 | Page 3 of 3 |
|---|---|---|
| | **Establishing & Amending Faith Group Practices** | Last Revised: 12/23/15 |

**PART IV:** To be completed by Staff

**Received by Religious Coordinator:**

**Date Received**

**Recommendation(s):**

Signature: _____    Date: 1-8-24

| Date Response to Offender: | 1/8/2024 | | | |
|---|---|---|---|---|
| Result of Request: | Approved ☐ | | Denied ☑ | |

Comments: Rattles and Drums are on The Group Property Matrix (355.1). Due to This The request to have Them added to The Personal Property Matrix has been denied. You May appeal This decision using a 503.1 form



| WYOMING DEPARTMENT OF CORRECTIONS | WDOC Form #322 | Page 1 of 2 |
|---|---|---|
| | Inmate Grievance Appeal Form | Last Revised: 12/02/16 |

## INMATE GRIEVANCE APPEAL FORM

**EXHIBIT**
1

Grievance Directed to: (check one)
☒ **Warden/CEO (First Appeal)**
☐ **WDOC Director (Second Appeal)**

Inmate Name: Armando Charles    WDOC # 32914
Institution: W.M.C.I.    Unit/Cell: D2-117
Date: 8-25-23    Time: 5:26 p.m.    Grievance # 23-154

Provide a clear, straightforward statement of the problem.
You may provide up to two (2) additional pages if necessary.
The appeal shall meet criteria set forth in policy. You may refer to the back of this form for guidelines and instructions for filing an appeal.

1. My prayer oil was in the right container but lable came off because the oil had dripped all over the old lable and fell off.

2. My Prayer bead's that were given to me by Mr. Little and were blessed for the use of a rattle which we don't have." All Bottle."

3. My Cedar was placed in my three flower container along with my Ceremonial red Paint for certain Ceremonies.

Give a description and dates of your efforts to resolve the problem by talking to staff, completing an inmate communication form, and filing an inmate grievance. Include reason(s) why the result was not satisfactory.

I talked to Kennedy and I told the officers that taking those Items were violating my First Amendment Right and Fourteenth Amendment Right.

Provide a clear statement of exactly what relief or remedy is expected.

I would like to have these Items back ASAP or I'll take this to the courts, those Items are used for Ceremonie's and that denying me of my right and causing me emotional Stress violates my right to practice my religious beliefs that you afford other religious and beliefs. Furthermore, Jalongene is not a religious meal for Native Americans Change that meal.

Inmate Signature: Charles Armago

| Administrative Use | |
|---|---|
| Grievance Number: | 23-154 |





Mark Gordon
Governor

Department of Corrections
1934 Wyott Drive
Cheyenne, Wyoming 82002
Telephone: (307) 777-7208
FAX: (307) 777-7479

Daniel Shannon
Director

January 11, 2024

Charles Armajo, #32914
Wyoming Medium Correctional Institution
7076 Road 55 F
Torrington, Wyoming 82240

RE:    Grievance Appeal

Dear Mr. Armajo:

Your appeal for religious activities was received by the Director's office on this date. A
response to your appeal will be sent within the 30-day time frame in accordance with Section IV.
G.3.ii. Inmate Religious Activities.

Sincerely,

JuDean Young
Executive Assistant

cc:    Warden Seth Norris
       Grievance Manager-WMCI
       Inmate File

**THE STATE**  **OF WYOMING**



EXHIBIT
1

## Department of Corrections

Mark Gordon
Governor

1934 Wyott Drive, Suite 100
Cheyenne, Wyoming 82002
Telephone: (307) 777-7208
FAX: (307) 777-7846

Daniel Shannon
Director

September 27, 2023

Charles Armajo #32914
Wyoming Medium Correctional Institution
7076 Road 55F
Torrington, WY 82240

RE: Grievance Appeal #23-154, Religious Property

Inmate Armajo,

This letter is in response to your Grievance Appeal #23-154, received September 25, 2023, regarding your religious property which was confiscated and a specific menu for the Native American religious meal because "Natives never eat this (bologna). It's not a part of our diet or religious meal." As remedy you are requesting bison burgers for the religious meal; permission to file suit for 1st Amendment, 10th Amendment and 14th Amendment violations relative to the confiscated property or immediate return of the confiscated property.

I have assigned Wyoming Department of Corrections (WDOC) employees to investigate your concerns and my decision is based on their findings. My employees personally spoke to WDOC and WMCI staff, reviewed WDOC Policy, WMCI Operational Procedures, examined the documents you provided and reviewed the grievance and first appeal responses provided. The applicable WDOC Policy and Procedure is #3.006, Property Control, which defines contraband as;

Any item or article which is not authorized by regulations of the Wyoming Department of Corrections, or a subunit thereof,[1] and;

Any item or article which is received or obtained from an unauthorized source,[2] and;

Any item or article which is altered without authorization, put to an unauthorized use, or taken into an unauthorized area,[3] and;

Any item being used for anything other than its intended purpose.[4]

---

[1] WDOC P&P #3.006, Sec III, D(1)i page 2
[2] WDOC P&P #3.006, Sec III, D(1)iv page 3
[3] WDOC P&P #3.006, Sec III, D(1)vi page 3
[4] WDOC P&P #3.006, Sec III, D(1)viii page 3

They confirmed the disputed property items include Cedar leaves, green in color, stored in a hygiene product (Tres Flores TIPO) container; Prayer Oil marked as "Egyptian Musk" with a homemade label absent of the approving Religious Coordinator's initials; and a pill bottle (Ibuprofen style), solid white and marked with a homemade label, "Spirit Rattle," containing round wooden beads, brown in color that appear to have previously been worn as a necklace or bracelet. This bottle is also absent of the Religious Coordinator's initials.

My employees validated the confiscation was as per WDOC policy, the confiscation occurred during an unannounced facility search, the property items confiscated were not authorized by WDOC regulations, may have been received or obtained from an unauthorized source, were altered without authorization and were used for other than their intended purpose. No Constitutional violations regarding this confiscation were substantiated. They further verified rattles are not an approved religious item and not listed in the WDOC Handbook of Religious Beliefs and Practices (HRBP) for the Native American faith group, or listed on WDOC Form #355, Unified Matrix for Authorized Personal Religious Property. As such, the applicable disposition is found in the same WDOC Policy, #3.006, Property Control, which specifies;

> Disposition of contraband discovered in the course of a search shall be as described in WDOC Policy and Procedure #3.013, Searches. If the item is determined to belong to the inmate and is not to be held as evidence or determined to be nuisance contraband, then the inmate shall be given seven (7) days from the notice of confiscation to designate the disposition of the item. Such property may be donated, destroyed, or mailed out at the inmate's expense. Designation of the final disposition of such property shall be indicated on WDOC Form #307, Notice of Confiscation.[5]

Regarding your request for bison burgers, rather than bologna, for the ritual meal, no dietary requirements are specified in WDOC Handbook or Religious Beliefs and Practices for the Native American faith group. The Ritual Meal specified is;

> "Native Americans may have traditional fry-bread with honey and/or Native American tacos prepared by Food Service for the Sweat Lodge ceremony closest to June 21."[6]

Therefore, after thoroughly reviewing your complaint and the findings, I hereby deny your grievance appeal, and the relief requested. Please provide direction to WMCI Property staff regarding designation for final disposition of the confiscated property.

Sincerely,

Daniel Shannon
Director

DS/MP/GH /jy

---

[5] WDOC P&P 3.006 D(6)i page 18

[6] WDOC HRBP, Native American, page 69

c:     Warden Seth Norris-WMCI
       Property Room Supervisor George Ross-WMCI
       Grievance Manager Corporal Joshua Wagner-WMCI
       Policy and Planning Coordinator G. Halter-CO
       Inmate File

# CIVIL COVER SHEET

This civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form, approved by the Wyoming Supreme Court, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM)

## I. CAPTION

**CHARLES ALFRED ARMAJO JR**;
On behalf of other Native American Adherents' similarly situated in WDOC's custody;
Plaintiffs,

**Current Address:**
WMCI #32914 7076 Rd. 55F.
Torrington, Wyoming 82240

v.

**WYOMING DEPARTMENT OF CORRECTIONS**;
**WYOMING MEDIUM CORRECTIONAL INSTITUTION**;
**DIRECTOR DANIEL SHANNON**;
Defendant(s).

Docket #: _____

## II. NATURE OF SUIT *(Place an "X" in One Box Only)*

| GENERAL CIVIL | | | OTHER CIVIL |
|---|---|---|---|

**CONTRACT**
- ☐ Business Organization Litigation
- ☐ Com. Const. Contract Litigation
- ☐ Contract Other (not Debt Collection)

**TORT**
- ☐ PI or WD - Environmental or Toxic Tort
- ☐ PI or WD - Fed Employer Liability Act
- ☐ PI or WD - Medical Malpractice
- ☐ PI or WD - Product Liability
- ☐ PI or WD - Vehicular
- ☐ Personal Injury Unspecified
- ☒ Tort 42 U.S.C. 2000cc-1(a)
- ☐ Wrongful Termination of Employment

**CIRCUIT COURT**
- ☐ Small Claims
- ☐ Forcible Entry and Detainer
- ☐ Stalking Protection Order
- ☐ Family Violence Protection Order

**DISSOLUTION OF MARRIAGE**
- ☐ Divorce w/Minor Children
- ☐ Divorce w/o Minor Children
- ☐ Judicial Separation
- ☐ Annulment

**DOMESTIC RELATIONS**
- ☐ Custody/Parental Visitation
- ☐ Grandparental Visitation
- ☐ Paternity
- ☐ Child Support/Parental Contribution
- ☐ Child Support w/Paternity
- ☐ UIFSA w/Paternity
- ☐ UIFSA
- ☐ Dom Register Foreign Judgment
- ☐ TPR State/DFS
- ☐ TPR Family/Private

**PROPERTY**
- ☐ Property with Mineral Rights
- ☐ Property w/o Mineral Rights

**PROBATE**
- ☐ Ancillary Admin/Foreign Prab
- ☐ Decree of Title Distribution
- ☐ Determination of Heirship
- ☐ Letters of Administration
- ☐ Estate Unspecified
- ☐ Summary
- ☐ Testate/Interstate Estate
- ☐ Will Only Filings
- ☐ Trust Matters
- ☐ Guardianship
- ☐ Conservatorship
- ☐ Guardian & Conservatorship

**ADOPTION**
- ☐ Adoption
- ☐ Confidential Intermediary

**OTHER CIVIL**
- ☐ Appointment/Removal of a Fiduciary
- ☐ Arbitration Award Confirmation
- ☐ Birth Certificate Amendment/Establishment
- ☐ Debt Collection
- ☐ Declaratory Judgment
- ☐ Emancipation of Minor
- ☐ False or Frivolous Line
- ☐ Foreign Judgment
- ☐ Foreign Protection Order/Foreign Stalking Order
- ☐ Forfeiture of Property
- ☐ Governmental Action Environmental Case
- ☐ Injunction
- ☐ Material Witness/Foreign Subpoena
- ☐ Name Change
- ☐ Involuntary Hospitalization
- ☐ Public Nuisance
- ☐ Specific Relief
- ☐ Structured Settlement Protection Act
- ☐ Successor to Civil trust Appointment
- ☐ Transcript of Judgment from Circuit Court
- ☐ Writ of Habeas Corpus
- ☐ Writ of Mandamus
- ☐ Writ of Replevin
- ☒ § 1997 civil rights violations

## III. RELATED CASE(S) IF ANY *(see instructions)*

Docket No. _____ Judge _____ Court (if different) _____

Docket No. _____ Judge _____ Court (if different) _____

## IV. AMOUNT IN CONTROVERSY (estimated) *(see instructions)*

Injunctive and Declaratory relief.

_____    02/27/2025
SIGNATURE OF ATTORNEY OF RECORD OR PRO SE LITIGANT    DATE

Charles Armajo #32914
WMCI 7076 Rd. 55F.
Torrington, Wy 82240

United States District Court
District of Wyoming
Office of the Clerk 2120
Capitol Avenue, Room 2131
Cheyenne, Wy 82001

THIS IS AN UNCENSORED LETTER
FROM AN INMATE AT THE WYOMING
MEDIUM CORRECTIONAL INSTITUTION

legal mail

FIRST-CLASS



ZIP 82240
02.7W
0006031771 MAR 07 2025
$ 003.43°
US POSTAGE PITNEY BOWES



WY DEPT OF CORRECTIONS
WA ST MAILROOM
MAR 06 REC'D
RECEIVED